UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT FISCHER, M.D., <br><br> Plaintiff, <br><br> -against- <br><br> UNITED HEALTHCARE INSURANCE COMPANY, <br><br> Defendant. | Index No.: <br><br><br> **COMPLAINT** |

Plaintiff, Robert Fischer, M.D. ("Plaintiff"), on assignment of Robert D., by and through his attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a New Jersey medical practitioner registered to do business in the State of New Jersey with a principal place of business at 19-21 Fair Lawn Ave, Fair Lawn, NJ 07410.

2. Upon information and belief, Defendant is engaged in administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance plan at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

## FACTUAL BACKGROUND

4. Plaintiff is a medical provider who specializes in plastic surgery and often treats patients in emergency situations.

1

5.    On June 27, 2021, Plaintiff performed emergency surgery on Robert D. ("Patient") in St. Joseph Wayne Hospital after he mangled his fingertips in a lawn mower accident. (*See*, **Exhibit A**, attached hereto.)

6.    At the time of his treatment, Patient was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

7.    Patient assigned his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

8.    After treating Patient, Plaintiff submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant seeking payment for the performed treatment in the total amount of $21,880.00. (*See*, **Exhibit C**, attached hereto.)

9.    As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

10.   In response to Plaintiff's HCFA medical bill, Defendant issued payment for Patient 1's treatment in the total amount of $1,013.47. (*See*, **Exhibit D**, attached hereto.)

11.   Defendant indicated that the remaining $20,866.53 in Plaintiff's charges were subject to a PPO discount and were thus neither Patient's nor Defendant's responsibility. *Id*.

12.   However, Plaintiff never agreed to any such PPO discount.

13.   Plaintiff submitted multiple internal appeals to Defendant challenging Defendant's reimbursement as improper under the terms of Patient's insurance plan as Plaintiff never agreed to accept a PPO discount.

14.   However, Defendant failed to issue any additional reimbursement in response to Plaintiff's appeals.

15. Under the terms of Patient's insurance plan, out-of-network emergency treatment is to be reimbursed in a manner that limits the member's cost-sharing to the amount that would apply if the treatment was performed by a network provider.

16. Indeed, Defendant represented in its explanation of benefits ("EOB") that Patient's responsibility for Plaintiff's charges is $0.00.

17. However, Defendant failed to reimburse Patient's emergency treatment in a manner that limited Patient's cost-sharing to the amount that would apply had the treatment been performed by a network provider.

18. Rather, Defendant simply represented in its EOB that it limited Patient's cost-sharing by falsely stating that Plaintiff accepted a PPO discount.

19. Because Plaintiff never accepted any such discount, Defendant failed to limit Patient's cost-sharing, and failed to abide by the terms of Patient's insurance plan.

20. As a result, Plaintiff has been damaged in the amount of $20,866.53.

21. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Plaintiff avers this Count to the extent ERISA governs this dispute.

24. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

25. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

26. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

27. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

28. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

31. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

32. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

33. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses

of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

34. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

35. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

36. Here, when Defendant acted to partially deny payment for the medical bill at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

37. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $20,866.53;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under his applicable insurance plan administered by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: Oakland, NJ
January 6, 2023

                            GOTTLIEB AND GREENSPAN, LLC
                            *Attorneys for Plaintiff*

               By:   /s/ Michael Gottlieb
                     Michael Gottlieb
                     169 Ramapo Valley Road, Suite ML3
                     Oakland, NJ 07436
                     (201) 644-0896